UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KANDI REED, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-2448-X |
| | § | |
| INNOVIS DATA SOLUTIONS, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

This case arises from the alleged violation of 15 U.S.C. § 1681, better known as the Fair Credit Reporting Act (the Act).  The plaintiff, Kandi Reed, claims that Innovis Data Solutions, Inc. (Innovis) violated sections 1681e(b) and 1681i of the Act by failing to follow reasonable procedures to assure accuracy in its preparations of credit reports and by failing to correct inaccuracies.  Innovis moved to dismiss for failure to state a claim.  [Doc. No. 10].  After careful consideration, and as explained below, the Court **GRANTS** Innovis's motion to dismiss **WITH PREJUDICE**.

## I. Background

Reed acquired her home in 2010.  Starting in 2017, Reed began missing mortgage payments.  In October 2017, Nationstar Mortgage LLC (Nationstar),[1] which acquired Reed's loan in 2014, granted Reed a forbearance until December 2017.  A "tumultuous time" followed, during which Reed's payments were not consistent.[2]

---

[1] Reed also sued Nationstar in this suit, but the parties settled prior to the Court's issuance of this order.

[2] Doc. No. 1 at 5.

In 2019, Nationstar offered Reed a loan modification.

Sometime in November 2019, Reed obtained her credit reports and claims that "her Nationstar Mortgage account was not reporting accurately."[3]   Nationstar reported Reed's monthly payments as "unknown" from November 2017 through April 2019, but after her forbearance ended in 2019, her account was reported as 180-days late.   Nationstar explained to Reed that "the months of October 2017 through September 2019 were delinquent."[4]   But to avoid negatively impacting her, Nationstar reported November 2017 through April 2019 as "no payment history."[5] Reed then contacted Innovis, attaching her Nationstar payment history and claiming that she "went through loan modifications and was assured [her] payments would not be counted as late."[6]

Innovis investigated Reed's claim and changed the non-adverse reporting to "very delinquent," after reviewing the attached payment history.   Now, Reed claims that Innovis violated the Act because it changed the "unknown" payments to "very delinquent."

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the

---

[3] *Id.* at 6.

[4] Doc. No. 1, Exhibit 6 at 1.

[5] *Id.*

[6] Doc. No. 1, Exhibit 8 at 1.

2

light most favorable to the plaintiff."[7]  To survive a motion to dismiss, the claimant must allege enough facts "to state a claim to relief that is plausible on its face."[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[11]

Section 1681e(b) explains that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information . . . ."[12]  "In order to establish a prima facie case under § 1681e(b), a consumer must produce some evidence of an inaccuracy in her credit report."[13]  And similarly, to plead a claim that Innovis violated section 1681i,[14] Reed must show that Innovis failed to change inaccurate information.[15]  "A credit

---

[7] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[11] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[12] 15 U.S.C. § 1681e(b).

[13] *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 715 (S.D. Tex. 2013) (citing *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000)).

[14] Section 1681i is a broad provision laying out procedures in case of disputed accuracy.

[15] *Norman v. Experian Info. Solutions, Inc.*, No. 3:12-CV-128-B, 2013 WL 1774625, at *3 (N.D. Tex. April 25, 2013) (Boyle, J).

entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."[16]

### III. Analysis

Innovis's argument for dismissal is simple: the information reported on Reed's credit report is accurate, as substantiated by the payment history that Reed herself submitted to Innovis,[17] and so Innovis did not violate the Act.  Reed responds by claiming that Nationstar informed her it reported her payments as "unknown," instead of late and that Innovis's credit reporting is therefore inaccurate.

Reed's argument is flawed.  She claims that because Nationstar—at one point in time—chose to report delinquent payments as unknown as a courtesy, that: (1) Innovis's reporting is incorrect, and (2) Innovis was required to report the inaccurate information furnished to it by Nationstar.  But this is not what the Act requires.

Congress created the Act to "require consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . which is fair and equitable to the consumer" and which pay particular attention to "accuracy."[18]  Reed's argument, in contrast, would suggest that the purpose of the Act

---

[16] *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998).

[17] The Court may consider Reed's attached payment history because her complaint refers to it and it is central to her claims.  *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

[18] 15 U.S.C. § 1681.

4

is for consumer reporting agencies to report information as transmitted by creditors, regardless of its accuracy.  Indeed, Reed's complaint claims that Innovis should not have reported delinquencies on her report "due to a promise that Nationstar had given [her]."[19]  But the Act does not hold Innovis to promises made between creditors and debtors; instead, it requires Innovis to adopt reasonable procedures to ensure the accuracy of its reporting.

Reed argues that if Innovis had conducted a reasonable investigation, it would not have changed her payment history to reflect delinquencies.  This argument misses the mark.  Relying on the initial information furnished by Nationstar, Innovis reported payments as unknown.  But when Reed attached her payment history to her request for an investigation, Innovis revised that history to reflect delinquencies because Reed's *own paperwork* showed that her payments were late.  These facts do not constitute a failure to conduct a reasonable investigation—in fact, it shows the opposite.  According to the records Reed provided Innovis and attached to her complaint, Innovis's reporting was initially inaccurate, and it revised it.

Reed's complaint incorporates her payment history.  And that payment history, bolstered by Nationstar's own statements about Reed's payment history, demonstrates that Innovis's reporting was accurate.[20]  Put simply, Reed's claims that Innovis violated the Act hinge on the idea that Innovis should have reported

---

[19] Doc. No. 1 at 7.

[20] Innovis reported Reed's payments from October 2017 through September 2019 as late.  *See* Doc. No. 10, Exhibit 2 at 5.  This reporting is consistent with the payment history Reed submitted to Innovis, as well as the letter Reed received from Nationstar, which explained that "[t]he months of October 2017 through September 2019 were delinquent."  Doc. No. 1, Exhibit 6 at 1.  The court may consider this letter because Reed referred to it in her complaint and it is central to her claim.

inaccurate information in order to be consistent with Nationstar's courtesy of reporting Reed's delinquent payments as unknown.    In her complaint, Reed acknowledges that Nationstar *chose* to report her delinquent payments as unknown—not that it was *required* to report them as unknown or that Innovis was *required* to make the same choice.[21]    Reed does not actually allege that the information on Innovis's report is inaccurate.  And that failure is fatal to her claims against Innovis.  Even construing the facts in Reed's complaint in the light most favorable to her, the Court finds that Reed failed to state a claim.

## IV. Conclusion

Because the Court finds that the information Innovis reported is accurate, as confirmed by Reed's payment history and the correspondence between Reed and Nationstar, the Court **GRANTS** Innovis's motion to dismiss **WITH PREJUDICE**.[22]

**IT IS SO ORDERED** this 2nd day of August 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[21] *See* Doc. No. 1 at 6 ("[Reed] received a response letter from Nationstar and it indicated that it *chose* to report [Reed]'s account with monthly payments marked as "UNK" or "Unknown" from November 2017 – April 2019." (emphasis added)).

[22] Although Federal Rule of Civil Procedure 15(a) requires a court to grant leave to amend "when justice so requires," "it is within a district court's discretion to deny [amendment] if it is futile." *Stripling v. Jordan Prod. Co. LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).  Futility means that "an amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873.  Because the Court finds that Reed's amended complaint would fail to state a claim, it finds amendment futile.